

ORIGINAL

**LAW OFFICES OF JAN K. APO**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 19 2013

at 12 o'clock and 3 min P M.
SUE BEITIA, CLERK

JAN K. APO  2906
MARK D. RECK  9316
Wailuku Executive Center
24 N. Church Street, Suite 302
Wailuku, Maui, Hawaii  96793
Telephone No. (808) 244-6073
Facsimile No. (808) 244-6244

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL BRAZEAL,          ) Civil No. CV13 00360 SOM KSC
                          )
          Plaintiff,      )
                          )
     vs.                  ) COMPLAINT; SUMMONS
                          )
UNITED STATES OF AMERICA  )
                          )
          Defendant.      )
_____)

COMPLAINT

COMES NOW Plaintiff MICHAEL BRAZEAL ("Plaintiff"), by and through

his counsel, the Law Offices of Jan K. Apo, and for the following Complaint

against Defendant UNITED STATES OF AMERICA ("Defendant") alleges and

avers as follows:

## JURISDICTION AND VENUE

1.      Plaintiff MICHAEL BRAZEAL (hereinafter "Plaintiff"), is a resident of the County of Riverside, State of California.

2.      The United States District Court has jurisdiction pursuant to 28 U.S.C. §1331 and the applicable provisions of the Federal Tort Claims Act, including but not limited to, 28 U.S.C. § 1346(b), § 1402(b), § 2401(b) and 28 U.S.C. § 2671, et seq.

3.      Pursuant to 28 U.S.C. § 2675, a Complaint may not be filed until an administrative claim has been filed with the appropriate federal agency.

4.      Plaintiff presented an administrative claim to the United States Department of the Interior ("USDI") on December 17, 2012.  The claim clearly stated the applicable facts and presented documentation to support a sum certain for negligence and other damages.   Specifically, a claim for $200,000.00 was made.

5.      Pursuant to 28 U.S.C. § 2675(a), a Complaint may be filed after an administrative claim presented to the appropriate federal agency has been denied or six months has passed without the agency acting on the claim.

6.      Plaintiff's administrative claim was denied by the USDI, Office of the Solicitor in a letter dated May 13, 2013.

7.      As Plaintiff has properly exhausted all administrative avenues for

recovery, Jurisdiction is proper.

8.     Pursuant to 28 U.S.C. § 1391(e)(1), the District of Hawaii has venue because the Defendant is the United States and a substantial part of the events or omissions giving rise to the claim occurred within the District of Hawaii.

## FACTS APPLICABLE TO ALL COUNTS

9.     Plaintiff restates the allegations of Paragraphs 1 through 8 and incorporates those paragraphs by reference.

10.    On April 4, 2012, Plaintiff was a paying customer of Haleakala National Park.

11.    Haleakala National Park is a National Park maintained and operated by the USDI, a "federal agency" of Defendant within the meaning of 28 U.S.C. § 2671.

12.    At said time and place, Plaintiff was walking along a designated, paved walkway and stopped to read an informational placard.

13.    As an additional group of visitors approached, Plaintiff stepped back from the placard and his foot slipped into an eroded section of the walkway to a depth of roughly nine (9) inches.  Plaintiff lost his balance and fell to the ground causing severe injuries.

14.    Defendant United States of America and/or its employees and/or agents negligently maintained the walkway of Haleakala National Park.

15.   Defendant United States of America and/or its employees and/or agents knew or should have known of dangerous condition created by the eroded walkway.

## COUNT I - NEGLIGENCE

16.   Plaintiff restates the allegations of Paragraphs 1 through 15 and incorporates those paragraphs by reference.

17.   As a direct and proximate result of the negligence of Defendant, Plaintiff suffered severe and permanent injuries and damages.

18.   As a direct and proximate result of the negligence of Defendant, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future.

19.   As a direct and proximate result of the negligence of Defendant, Plaintiff sustained conscious pain and suffering and emotional distress and will continue to experience conscious pain and suffering, including emotional distress, in the future.

## COUNT II – PREMISES LIABILITY

20. Plaintiff restates the allegations of Paragraphs 1 through 19 and incorporates those paragraphs by reference.

21.   Defendant knew or should have known of the unreasonable risk and/or dangerous condition created by the eroded walkway.

22.    Defendant had control over the unreasonable risk and/or dangerous condition and could have repaired the eroded walkway or placed warning signs in the area of the eroded walkway.

23.    Defendant had a duty to warn Plaintiff of the unreasonable risk and/or dangerous condition or eliminate the dangerous condition of the eroded walkway.

24.    Defendant breached its duty to Plaintiff by not warning him of the unreasonable risk and/or dangerous condition or eliminating the unreasonable risk and/or dangerous condition.

25.    As a direct and proximate result of Defendant's failure to warn or eliminate the unreasonable risk and/or dangerous condition, Plaintiff suffered severe and permanent injuries and damages.

26.    As a direct and proximate result of Defendant's failure to warn or eliminate the unreasonable risk and/or dangerous condition, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future.

27.    As a direct and proximate result of Defendant's failure to warn or eliminate the unreasonable risk and/or dangerous condition, Plaintiff sustained conscious pain and suffering and emotional distress and will continue to experience conscious pain and suffering, including emotional distress, in the future.

## COUNT III – RESPONDEAT SUPERIOR CLAIM

28.    Plaintiff restates the allegations set forth in paragraphs 1 through 27 and incorporates those paragraphs by reference.

29.    The employees and/or agents of Defendant were acting within the course and scope of their employment with their employer/principal, the Department of the Interior, United States of America (the "USDI"), in the time leading up to the accident.

30.    Therefore, the USDI, a federal agency, is vicariously liable for the negligence of its employees and/or agents pursuant to the doctrine of respondeat superior.

31.    Therefore, this claim is brought against Defendant United States of America.

WHEREFORE, Plaintiff prays for judgment against Defendant United States of America as follows:

A.    General and Special damages in an amount of $200,000.00;

B.    Such other legal and/or equitable damages, sufficient to engage the jurisdiction of this Court, including such fees and costs as allowed by law, and which this Court deems appropriate in light of the evidence adduced at trial.

DATED:  Wailuku, Hawaii, July 16, 2013.

JAN K. APO
MARK D. RECK
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL BRAZEAL, | ) | Civil No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## SUMMONS IN A CIVIL ACTION

To:   UNITED STATES OF AMERICA
      United States Attorney's Office
      300 Ala Moana Blvd., #6-100
      Honolulu, HI 96850

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you

received it) — or 60 days if you are the United States or a United States agency, or

an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or

(3) — you must serve on the plaintiff an answer to the attached complaint or a

motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or

motion must be served on the plaintiff or plaintiff's attorney, whose name and

address are:

LAW OFFICES OF JAN K. APO
JAN K. APO  2906
MARK D. RECK  9316
Wailuku Executive Center
24 N. Church Street, Suite 302
Wailuku, Maui, Hawaii  96793


If you fail to respond, judgment by default will be entered against you for the relief

demanded in the complaint.   You also must file your answer or motion with the

court.

                                        *CLERK OF COURT*

Date: JUL 19 2013  _____    _____

                                        *Signature of Clerk or Deputy Clerk*

9